UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IVORY MILES,

        Petitioner,

vs.                                Case No. 3:13-cv-759-J-39MCR

SECRETARY, DOC, et al.,

        Respondents.

## ORDER OF DISMISSAL WITH PREJUDICE

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) on June 24, 2013 pursuant to the mailbox rule.[1] He challenges his 2008 Duval County conviction for armed burglary with battery.

As recently noted by the Eleventh Circuit in Espinosa v. Sec'y, Dep't of Corr., No. 14-10581, 2015 WL 6405404, at *2 (11th Cir. Oct. 23, 2015),

---

[1] The Petition was filed with the Clerk on June 27, 2013; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (June 24, 2013). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

> The Antiterrorism and Effective Death Penalty Act provides a "1-year period of limitation ... [for] an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."28 U.S.C. § 2244(d)(1). The period runs from the latest of four dates, including, as applies here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation...."Id. § 2244(d)(2).

Respondents contend that Petitioner has not complied with the one-year period of limitations as set forth in this subsection. See Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Response) (Doc. 18).  In support of this contention, they have submitted exhibits.[2] (Doc. 18).  Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response.  See Court's Order (Doc. 12).  Petitioner filed a Reply to State's Motion to Dismiss Petition as Time-Barred (Doc. 21) (Reply).

More specifically, under the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA), there is a one-year period of limitations:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The

---

[2] The Court hereinafter refers to the exhibits as "Ex."

>>limitation period shall run from the latest of–
>
>>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows the following. Petitioner was charged by an amended information with armed burglary with assault or battery. Ex. A at 18. The jury found him guilty as charged and determined that he possessed a dangerous weapon during the commission of the offense. Id. at 44; Ex. B at 189. The court entered judgment and

sentenced him to life as a prison released re-offender. Ex. A at 67-72. He appealed. Id. at 79; Ex. D; Ex. E. The First District Court of Appeal affirmed per curiam on November 5, 2009. Ex. F. The mandate issued on November 23, 2009. Ex. G. His conviction became final on February 3, 2010 (90 days after November 5, 2009) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

The statute of limitations period began to run on February 4, 2010, and ran for 312 days, until Petitioner filed a Rule 3.850 motion on December 14, 2010, pursuant to the mailbox rule. Ex. N at 1-70. The circuit court entered an Order Denying Defendant's Motion for Post Conviction Relief on August 8, 2011. Id. at 80-200. Petitioner had thirty days, or until September 7, 2011, to appeal. Thus, the limitations period remained tolled through September 7, 2011. See Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006) (per curiam) (finding the statute of limitations tolled during the time in which the petitioner could have appealed an order denying an application for state post conviction relief). Thereafter, the limitations period ran for a period of twenty days until Petitioner filed his state habeas corpus petition on September 29, 2011. Ex. H. The limitations

period remain tolled during the pendency of the state habeas proceeding. On December 7, 2011, the First District Court of Appeal denied rehearing. Ex. M. At this point, there were 33 days remaining in the one-year limitations period. Therefore, the one-year limitations period expired on Tuesday, January 10, 2012. Petitioner filed the instant federal Petition on June 24, 2013. Based on the foregoing, the Petition is untimely and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted.

Before addressing the question of whether equitable tolling is warranted under the circumstances presented, there is one matter that merits a brief discussion. The Court recognizes that on August 22, 2011, Petitioner filed Motion for Extension of Time for Filing Motion for Rehearing concerning the denial of his Rule 3.850 motion. Ex. O at 234-36. He followed that motion by filing a Motion for Rehearing on September 6, 2011. Id. at 237-96. On November 9, 2011, the trial court found that Petitioner failed to state good cause for an extension of time and denied the motion for rehearing as untimely. Id. at 297-98. On November 17, 2011, Petitioner appealed the trial court's decision. Id. at 299-300; Ex. P; Ex. Q; Ex. R; Ex. S; Ex. T; Ex. U. On April 27, 2012, the First District Court of Appeal held:

> The trial court did not abuse its discretion by denying Appellant's motion for extension of time to file a motion for rehearing and denying the motion for rehearing

5

> as untimely. Because the motion for rehearing was untimely, it did not toll the rendition of the final order for purposes of seeking this appeal. Fla. R. App. P. 9.020(h). This appeal is thus untimely and is **DISMISSED**. <u>Gary v. State</u>, 5 So.3d 713 (Fla. 1st DCA 2009).

Ex. V.

Petitioner moved for rehearing, the First District Court denied the motion, and the mandate issued on July 6, 2012. Ex. W; Ex. X; Ex. Y. Petitioner sought discretionary review, but the Florida Supreme Court declined to accept jurisdiction and denied review. Ex. Z; Ex. AA; Ex. BB; Ex. CC; Ex. DD.

The limitations period was not tolled during this activity because the trial court found the motion for rehearing untimely and the First District Court of Appeal dismissed the notice of appeal as untimely. See <u>Allen v. Siebert</u>, 552 U.S. 3, 7 (2007) (finding a petition rejected as untimely filed by the state courts is not a properly filed application for post conviction or other collateral review for purposes of 28 U.S.C. § 2244(d)(2) and does not toll the limitations period). As such, the limitations period was not tolled during the pendency of Petitioner's untimely appeal.[3] <u>See</u>

---

[3] This Court must defer to the First District Court of Appeal's ruling that the appeal was untimely. See <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)") (citation omitted); <u>Stafford v. Thompson</u>, 328 F.3d 1302, 1305 (11th Cir. 2003) (per curiam) (holding that a court is "bound by the state court's determination that the appeal was untimely").

Evans v. Chavis, 546 U.S. 189, 191 (2006) (explaining that a claim is pending during "the period between (1) the lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law"); Artuz v. Bennett, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" including "time limits upon its delivery"); Neal v. Sec'y Dep't of Corr., 271 F. App'x 893, 896 (11th Cir. 2008) (per curiam) (finding that a state prisoner's appeal from a state court's order denying a motion for post conviction relief did not toll the limitations period, given the state court's determination that the appeal was untimely). Thus, this action, filed on June 24, 2013, was filed well after the one-year limitation period expired.

In the Petition, Petitioner claims that he should be entitled to equitable tolling of the limitations period "because of the 11th hour procedural due process issue pro se in which Petitioner was compelled to interlocutory appeal." Petition at 100. He identifies the referenced appeal issue as: "[t]he state courts' order(s) denying his 3.850 appeal as untimely and holding his timely filed motion for extentsion [sic] of time to file a motion for rehearing did not toll the time to appeal." Id.

Of import, "[t]he limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 742 F.3d 473, 474 (11th

Cir. 2014) (citing Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 2560 (2010)).  The United States Supreme Court set forth a two-prong test for equitable tolling, stating that a petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  Holland, 130 S.Ct. at 2562 (quotation marks omitted); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence") (citation omitted).

The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).  Based on a review of the record, Petitioner has not met the burden of showing that equitable tolling is warranted.

Indeed, Petitioner has not presented any justifiable reason why the dictates of the one-year limitations period should not be imposed upon him.  In his Reply, Petitioner argues that this Court

should find that he is entitled to equitable tolling because he heeded the advice of an inmate law clerk who recommended that Petitioner seek an extension of time to file a motion for rehearing in the trial court, which proved unsuccessful. Reply at 3, 5. And, construing the Reply liberally, Petitioner claims that there was limited prison law library access during the time period in which he needed to seek rehearing of the denial of his Rule 3.580 motion. Id. at 4. In sum, Petitioner blames the law clerk's "bad advice" and inadequate law library access for his untimely filings in the state court system. Id. at 5. This argument is unavailing.

> "[C]ircumstances warranting equitable tolling" do not include restricted access to a law library. Miller v. Florida, 307 Fed. Appx. 366, 368 (11th Cir. 2009) (citing Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000); see also Paulcin v. McDonough, 259 Fed. Appx. 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances."); Coleman v. Mosley, 2008 WL 2039483 at *3 (M.D. Ala. May 12, 2008) ("Petitioner'[s] *pro se* status, ignorance of the law, limited law library access, and lack of legal assistance are insufficient grounds on which to toll the limitation period.").

Couch v. Talladega Circuit Courts, No. 1:11-cv-1737-JFG-MHH, 2013 WL 3356908, at *5 (N.D. Ala. July 3, 2013).

Petitioner's claim of poor advice from an inmate law clerk and limited law library access do not constitute extraordinary circumstances, and Petitioner has not met the burden of showing that equitable tolling is warranted.

Petitioner had ample time to exhaust state remedies and prepare and file a federal petition. He fails to demonstrate he is entitled to equitable tolling. Also of note, Petitioner does not assert or demonstrate that he has new evidence establishing actual innocence. See Reply. Therefore, this Court will grant Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely, and dismiss the case with prejudice pursuant to 28 U.S.C. § 2244(d).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Doc. 18) is **GRANTED.**

2. The Petition is **DISMISSED with prejudice**.

3. The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing the case with prejudice.

4. The **Clerk** shall close the case.

5. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[4] Because this Court

---

[4] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

 **DONE AND ORDERED** at Jacksonville, Florida, this 29th day of October, 2015.

          _____
            BRIAN J. DAVIS
           United States District Judge

sa 10/28
c:
Ivory Miles
Counsel of Record

---

certificate of appealability.

11